

# COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
### EL PASO, TEXAS

| | § | |
|---|---|---|
| KEVIN MARK BASFORD, | § | No. 08-20-00110-CR |
| Appellant, | § | Appeal from the |
| v. | § | 132nd District Court |
| THE STATE OF TEXAS, | § | of Scurry County, Texas |
| Appellee. | § | (TC# 10678) |
| | § | |

## **O R D E R**

Appellant, through his counsel Trey Keith, has filed a purported motion to dismiss the appeal in this criminal action. We will abate this appeal pending further proceedings in the trial court.

Keith represented Appellant as appointed counsel in the trial court, filed a notice of appeal on Appellant's behalf, and continues to represent Appellant on appeal. Appellant has submitted a motion to dismiss this appeal signed by Keith, which has attached to it a document signed by Appellant entitled "Appellant's Instruction to Attorney." The document is partially redacted, which counsel asserts was necessary to preserve privileged attorney-client information.

The document states in relevant part

My name is Kevin Mark Basford. My appellate attorney, Trey Keith, believes that the Trial Record does not contain any reversible errors; he indicated

to me that he will probably be required to file a 'Frivolous Appeal Brief', by which he will tell the Court of Appeals there was no apparent error in my trial. For this reason, my attorney has asked me whether I wish to continue with an appeal. **Therefore, I hereby instruct my attorney to proceed as follows:**

## PROCEED WITH APPEAL

[Paragraph redacted by blackout]

Nevertheless, I wish to proceed with an appeal, and I instruct my attorney accordingly.

_____
KEVIN MARK BASFORD [unsigned]

(OR)

## WAIVER OF APPEAL

I do not believe that an appeal will change the outcome of my criminal case. [Sentence redacted by blackout.] For these reasons, I instruct my appellate attorney that I wish to waive my right to appeal.

[SIGNATURE OF KEVIN MARK BASFORD]

_____
KEVIN MARK BASFORD

In order to dismiss an appeal in a criminal case at an appellant's request, a motion to dismiss must be signed by both the appellant and his or her attorney. *See* TEX.R.APP.P. 42.2(a). Under ordinary circumstances, we would, on motion of an appellant, dismiss an appeal in which the formal requirements of Rule 42.2(a) have been met.

Here, however, both the Motion to Dismiss and Appellant's Instruction to Attorney demonstrate that Appellant based his decision to dismiss his appeal on counsel's assertion to him that there were no reversible errors at trial and filing an appeal would not change the outcome of his case. In such instances, there is a constitutionally required procedure to be followed. *See Anders v. State of California*, 386 U.S. 738, 742 (1967)(counsel must file frivolousness brief if counsel determines case is frivolous but client wishes to proceed nonetheless); *In re Schulman*, 252 S.W.3d

403, 409 (Tex.Crim.App. 2008)(detailing *Anders* process used in Texas). A criminal defense attorney's duty is to zealously advocate on behalf of his client's interest. *Anders*, 386 U.S. at 744. If an appointed attorney finds the appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id*. In Texas, such a motion for permission to withdraw should be accompanied by an *Anders* brief, which includes a discussion of the appropriate facts of the case and its procedural history, as well as pointing out any potentially plausible points of error. *In re Schulman*, 252 S.W.3d at 406 (citing *Anders*, 386 U.S. at 744).

This procedure serves the attorney's professional responsibilities as an officer of the court to refrain from filing frivolous pleadings and his obligation to assure the appellate court that he has conducted a thorough investigation into possible errors. *In re Schulman*, 252 S.W.3d at 406-407. Further, it protects the attorney from future allegations of ineffectiveness or lack of due diligence. *Id*. at 408. The *Anders* brief serves two other important purposes given that a copy must also be provided to the defendant. *See Anders*, 386 U.S. at 744. It provides the specific citations to the record in the event a defendant wishes to exercise his or her right to file a *pro se* brief. *Id*. Finally, it provides the appellate court with a framework so that it may conduct its own independent review of the record to ensure that the attorney has indeed made a legally correct determination that the appeal is frivolous. *In re Schulman*, 252 S.W.3d at 407.

Although the motion contains an apparent waiver of appeal bearing Appellant's signature, we believe further inquiry is needed here given that Appellant's counsel affirmatively communicated he based his advice to his client on his belief that an appeal would be frivolous. Such inquiry should include a determination of whether there is a conflict between counsel and client as to the disposition of this appeal and whether Appellant understood his right to receive an

*Anders* brief and to thereafter raise points on appeal of his choosing, if desired.

We determine that we cannot act on this motion to dismiss absent further information. As such, we will abate this appeal and remand the matter to the trial court for the following actions:

1. Within forty-five (45) days of the date of this order, the trial court will hold a hearing to determine whether the apparent waiver of appeal executed by Appellant and attached to the motion to dismiss filed in this Court was done so knowingly, intelligently, and voluntarily. The trial court will also make a separate determination as to whether the Appellant, at this time, wishes to exercise his rights under *Anders* and *Schulman.* In making these determinations, the trial court will appoint another attorney to advise Appellant. If the trial court determines Appellant's waiver of appeal was made knowingly, intelligently, and voluntarily, and Appellant does not wish to pursue an appeal, then the trial court shall enter those findings and forward them to this Court, along with any reporter's record of the hearing, within ten (10) days of the hearing.

2. If, however, the trial court determines Appellant's waiver of appeal was not made knowingly, intelligently, and voluntarily, or if the trial court determines Appellant now wishes to exercise his rights under *Anders* and *Schulman*, then the trial court shall further consider whether there is good cause to substitute appellate counsel based on attorney Trey Keith's representations to this Court. The trial court shall enter those findings and forward them to this Court, along with any reporter's record of the hearing, within ten (10) days of the hearing. The attorney will then proceed in this Court at the direction of Appellant in accordance with appellate counsel's professional duties and ethics under the law.

Upon receipt of the findings from the trial court, this Court will take further action as necessary, including but not limited to lifting this abatement and issuing a merits ruling on the pending motion to dismiss.

IS IT SO ORDERED THIS 1ST DAY OF FEBRUARY, 2021.

PER CURIAM

Before Rodriguez, C.J., Palafox, and Alley, JJ.